No. 29,235.

BERNICE LANDSBERG, *Plaintiff*, v. THE BOARD OF COUNTY EXAMINERS OF THE COUNTY OF WYANDOTTE, *Defendant*.

(281 Pac. 908.)

Opinion filed November 9, 1929.

*R. M. Lee*, of Topeka, for the plaintiff.

*William A. Smith*, attorney-general, *W. C. Ralston* and *Walter T. Griffin*, assistant attorneys-general, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, Bernice Landsberg, a girl seventeen years of age, brought this proceeding in mandamus to compel official action on the part of the defendant board of examiners so that she might secure a certificate to teach school in Wyandotte county. The board declines to act because she has not yet attained the minimum age of eighteen years, which the statute prescribes as one of the qualifications of a school teacher.

Plaintiff takes the position that the statutory requisite of eighteen years is dispensed with in her case because the rights of majority were conferred upon her on July 19, 1929, by the district court of Wyandotte county under a statute which, in part, reads:

"That the district courts for the several counties in this state shall have authority to confer upon minors the rights of majority concerning contracts and real and personal property, and to authorize and empower minors to purchase, hold, possess and control in their own person and right, and without the intervention or control of a guardian or trustee, any goods, chattels, rights, interests in lands, tenements and effects by such minor lawfully acquired or inherited; and such minor shall have full power to hold, convey and dispose of the same, and to make contracts and be subject to all the liabilities incident thereto, sue and be sued, and in all respects to exercise and enjoy all rights of property and of contracts in the same manner and to the same extent as persons at the age of majority." (R. S. 38-108.)

". . . and the district court . . . may . . . upon proof . . . that said petitioner is a person of sound mind and able to transact his or her

own affairs, and that the interest of the petitioner will be promoted thereby, order and decree that the petitioner be empowered to exercise the rights of majority for any or all purposes mentioned in the first section of this act; . . ." (R. S. 38-109.)

Because of their inexperience and want of discretion the law surrounds minors with certain so-called disabilities which might more accurately be designated as privileges. They have the privilege of not being bound by their contracts to the same extent as persons of maturity. (R. S. 38-102, 38-103.) The solicitous supervision of the courts extends to the conservation of their property. Marriage itself does not confer all the responsibilities of majority upon persons under eighteen years. (R. S. 38-101.) All the statute just quoted does is to provide a method whereby it may be judicially determined that in some particular case a young person has sufficient strength of mind and character to be relieved from the ordinary disabilities of infancy, that she may be permitted to regulate her acts and conduct, make contracts, manage her property, sue and be sued and bind herself precisely as a person of full majority and competence may do.

The statute which defines the qualifications of school teachers, so far as here pertinent, provides that the county superintendent may grant temporary teachers' certificates to persons not under eighteen years of age. (R. S. 72-1325.) Third-grade certificates may be issued to persons not less than eighteen years of age who pass a satisfactory examination in certain branches of learning. (R. S. 72-1328.) Certificates of the second grade may be issued to persons not less than eighteen years of age who have taught successfully for seven months and who show a prescribed standard of excellence in certain branches of learning. (R. S. 72-1329.) Certificates of the first grade may be issued to persons not less than twenty years of age who show certain qualifications which need not be detailed here. (R. S. 72-1330.) In the paragraph of the statute treating particularly of the issuance of second-grade certificates there is a proviso which reads:

". . . That certificates of the second grade may be issued to persons who have had no previous experience in teaching if such persons have completed a four-year course of study in a high school approved by the state board of education and are otherwise qualified as herein provided." (R. S. 72-1329.)

It is the contention of plaintiff's counsel that the conferring of the rights of majority upon her dispenses with one of the qualifications thus prescribed for school teachers—the qualification of age. We

cannot assent to that. It may very well be that a young girl of seventeen will evince such maturity of mind and strength of character that with entire safety to herself she may be trusted to order her own conduct, to handle her own property and to be bound by her contracts. But that is not to say that she is sufficiently mature for the responsibilities attaching to the management of a school. Qualification of a seventeen-year-old miss to look after herself is one thing: her qualifications to look after twenty or thirty school children for six or seven hours a day are quite another matter. The statute under which proceedings may be had to confer the rights of majority upon persons under twenty-one years of age has no effect whatever upon the statute prescribing a minimum age of eighteen years as one of the requisite qualifications for a public-school teacher. This point is so simple that it needs no elaboration, but it may be remarked that if the statutory minimum age for school teachers were dispensed with by a judicial proceeding conferring rights of majority, it would likewise dispense with the age qualification required of nurses, osteopaths, dentists, optometrists, pharmacists and barbers. (See R. S. 1923, ch. 65.) The legislature intended nothing of the sort.

Plaintiff's petition for a writ of mandamus is denied and this action is dismissed.